**The STATE of Texas, State,**

v.

**Polly I. HURD, Appellee.**

**No. 2–92–400–CR.**

Court of Appeals of Texas,
Fort Worth.

Nov. 10, 1993.

Rehearing Overruled Dec. 21, 1993.

Bruce Isaacks, Cr. Dist. Atty., David C. Colley, Jason Jacoby, Assts., Denton, TX, Robert Huttash, State Pros. Atty., Austin, for State.

Phillips & Hopkins, P.C. and Jerry Cobb, Denton, for appellee.

---

Before FARRIS, WEAVER and DAY, JJ.

## OPINION

FARRIS, Justice.

The State appeals an order suppressing the results of a blood alcohol test in a driving while intoxicated case. Because the trial court exceeded the limits of its discretion, we grant the State the relief it requests and reverse the order.

On April 8, 1991, Polly I. Hurd was injured in an automobile accident and transported by ambulance to Denton Community Hospital. Her attending physician ordered a blood sample for diagnosis and treatment purposes.

Officer Michael Stockard went to the hospital after he concluded his accident site investigation, and he told the attending physician he was investigating the possibility that Hurd had been driving while intoxicated. Without solicitation or patient authorization, the physician told Officer Stockard that Hurd's tests indicated a blood alcohol level above .10.[1] Stockard then asked Hurd to provide a blood sample and she refused.

The physician also told Officer Stockard that Hurd would be hospitalized overnight because he wanted to observe her for possible alcohol poisoning. After she was discharged, Hurd was formally charged with driving while intoxicated and, by pretrial motion, she sought to suppress the blood test results.

■ On appeal, the State complains the trial court erred in granting Hurd's motion because it relied on a law that had been repealed.[2] Specifically, the trial court found the information Officer Stockard received from the attending physician was obtained "accidently outside the purview of [article] 4495(b) [sic]" and accordingly, article 38.23 "mandates suppression." *See* TEX.REV.CIV. STAT.ANN. art. 4495b, § 5.08 (Vernon Supp.

1. Hurd's blood alcohol level was .33.

2. Although the State failed to raise the issue of the viability of TEX.REV CIV.STAT ANN. art. 4495b, § 5.08 (Vernon Supp.Pamph.1993) at the trial level, it is not precluded from raising the issue now ·since it is purely a legal question. *See*

Pamph.1993); TEX.CODE CRIM.PROC.ANN. art. 38.23(a) (Vernon Supp.1993).

However, article 4495b, section 5.08, was deemed repealed, as it related to criminal matters, by order of the Court of Criminal Appeals effective September 1, 1986, when the rules of criminal evidence were enacted.[3] *See State v. Comeaux,* 818 S.W.2d 46, 52 n. 6 (Tex.Crim.App.1991). The order in this case was entered on September 30, 1990. Therefore, article 4495b, section 5.08, was no longer a basis to suppress evidence under article 38.23, and the trial court's findings do not support its order.

■ If the trial court expounds an invalid ground for its ruling, it is not reversible error if the decision itself did not exceed the limits of the court's discretion. *See Quinones v. State,* 592 S.W.2d 933, 940 (Tex. Crim.App.), *cert. denied,* 449 U.S. 893, 101 S.Ct. 256, 66 L.Ed.2d 121 (1980).

■ To determine whether the trial court exceeded the limits of its discretion, we consider the law and the following findings:

(1) Article 6701(1) does not apply.

(2) Article 4495b is the law and was violated, either intentionally or unintentionally by someone at the hospital, not the peace officer.

(3) The peace officer was lawfully there, obtained the evidence, but he did not obtain the evidence in a proper manner under 4495b, whether it is his fault or not.

(4) Inevitable discovery is no longer the law in Texas under *Garcia v. State,* 829 S.W.2d 796 (Tex.Crim.App.1992).

(5) The good faith exception is codified in article 38.23.

(6) Article 38.23, taken in combination with *Garcia,* applied to the facts of this case, mandates suppression of the test results

*United States v. Kelly,* 961 F.2d 524, 528 (5th Cir.1992).

3. Specifically TEX.R.CRIM.EVID. 509 which provides:

There is no physician-patient privilege in criminal proceedings.

that were obtained accidently outside the purview of article 4495b.

Article 38.23(a) provides:

No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

TEX.CODE CRIM.PROC.ANN. art. 38.23(a) (Vernon Supp.1993). Hurd does not contest the trial court's finding Officer Stockard did not intentionally violate the law to obtain the blood test results, nor does she allege any violation of the Constitution or other statute.

Reviewing the above law and facts, we find article 4495b, section 5.08, does not bar the admittance of the test results and neither Officer Stockard nor any other person violated any provisions of the Constitution or the laws of the United States when the State discovered Hurd's blood alcohol level. Consequently, the trial court erred by suppressing the evidence. Point of error one is sustained.

The order is reversed.