**Julius CORPUS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 03–95–00515–CR.**

Court of Appeals of Texas,
Austin.

Sept. 11, 1996.

Keith S. Hampton, Austin, for Appellant.

Eugene D. Taylor, Williamson County Attorney, David Glickler, Assistant County Attorney, Georgetown, for State.

Before CARROLL, C.J., and ABOUSSIE and KIDD, JJ.

PER CURIAM.

The county court at law found appellant Julius Corpus guilty of driving while intoxicated. Act of May 27, 1983, 68th Leg. R.S., ch. 303, § 3, 1983 Tex. Gen. Laws 1568, 1574 (Tex.Rev.Civ.Stat.Ann. art. 6701*l*–1(b), (c), since amended and codified at Tex. Penal Code Ann. § 49.04). The court assessed punishment at incarceration for 180 days and a fine of $1,500, probated for eighteen months. By three points of error, appellant contends that the county court erred by overruling his motion to suppress his blood test results, admitting his medical records into evidence, and allowing particular testimony. We will affirm.

On July 15, 1994, about noon, Julie McCormick was at home when a man knocked on her door. The man knew McCormick worked for the emergency medical services and asked if she would come down the road and help out with a car accident. McCormick went to the accident scene and found appellant sitting on the ground near a pickup truck that appeared to have run off the road into a culvert. While McCormick checked appellant for injuries, another person called 911. McCormick's check of appellant revealed no life-threatening injuries. McCormick noticed a strong alcohol smell emanating from appellant but she did not see any alcoholic beverages or containers in the area.

Department of Public Safety trooper Matthew Lindemann was dispatched to the one-vehicle accident scene. As he arrived, an EMS unit was leaving the scene transporting appellant to the Johns Community Hospital emergency room. Lindemann went to the hospital and observed appellant in a treatment room. Lindemann noted that appellant was incoherent, was not responding to the nurse trying to talk with him, and smelled of alcohol.

William Dodson, appellant's emergency room attending nurse, recalled smelling alcohol about appellant. Dodson described appellant as uncooperative and combative. He had bruises on his chest and abdomen. The emergency room doctor ordered several types of blood tests, including a blood alcohol test, and x-rays for medical purposes only. Appellant's blood test showed that his blood alcohol concentration was .183. The emergency room physician's diagnosis was alcohol intoxication. Appellant remained in the hospital overnight. Appellant was not placed under arrest or in any kind of temporary custody while at the hospital.

By point of error three, appellant contends that the county court erred by overruling his motion to suppress his blood alcohol test results.

Before trial, appellant sought to suppress any evidence of his blood alcohol test results under the Fourth Amendment to the United States Constitution, Article 1, §§ 9 and 10 of the Texas Constitution, and Article 38.23 of the Texas Code of Criminal Procedure. While the county court did not hold a pretrial suppression hearing, it found appellant guilty of driving while intoxicated. Consequently, the county court impliedly overruled appellant's motion to suppress his blood alcohol test results. *See Rey v. State*, 897 S.W.2d 333, 336 (Tex.Crim.App.1995) (court's ruling need not be expressly stated if actions or other statements unquestionably indicate ruling).

Appellant does not complain about the hospital employee's search of his blood for assistance in diagnosing and treating him. Rather, appellant asserts that the disclosure of his alcohol blood test results to the State amounted to a seizure of his records. Appellant contends that he had a legitimate reasonable expectation of privacy to the contents of his medical records which included his

alcohol blood test results. Appellant contends that since he did not consent to the State having his alcohol blood test results, the trial court improperly refused to suppress them as evidence.

A defendant seeking to suppress evidence bears the burden of proof. *Russell v. State,* 717 S.W.2d 7, 9 (Tex.Crim.App. 1986); *Johnson v. State,* 834 S.W.2d 121, 122 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd). A defendant must produce evidence that defeats a presumption of proper police conduct which then shifts the burden to the prosecution. *Russell,* 717 S.W.2d at 9; *Musick v. State,* 862 S.W.2d 794, 799 (Tex. App.—El Paso 1993, pet. ref'd). The legal standard employed when reviewing a trial court's ruling on a motion to suppress evidence is whether the trial court abused its discretion. *DuBose v. State,* 915 S.W.2d 493, 496–97 (Tex.Crim.App.1996); *State v. Comeaux,* 786 S.W.2d 480, 482 (Tex.App.—Austin 1990), *aff'd,* 818 S.W.2d 46 (Tex.Crim.App. 1991). When seeking to suppress evidence, a defendant must establish (1) that there existed a subjective expectation of privacy in the place or property searched, and (2) that society would recognize the subjective expectation as objectively reasonable. *Comeaux,* 818 S.W.2d at 51 (citing *Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967)).

In *Comeaux,* the defendant, soon after being involved in a car accident, submitted a blood sample to his emergency room attending doctor for medical purposes only. While the attending doctor ordered several blood tests, he did not order that a blood alcohol test be performed on the defendant's submitted blood sample. A police officer secured a portion of the defendant's blood sample from an emergency room nurse. The officer testified that before receiving the blood sample he did not believe that the defendant was intoxicated at the time of the accident. The officer submitted the blood sample to a State laboratory for a blood alcohol test. The State's test revealed that the defendant was intoxicated. The trial court determined that appellant's blood had been unlawfully seized and ordered the test result suppressed. This Court affirmed the suppression order.

The Court of Criminal Appeals affirmed our judgment, holding that Comeaux had a reasonable expectation of privacy in the blood sample he gave at the emergency room. In reaching this decision, the court relied on the Medical Practice Act, which provided that medical records were confidential and prohibited a health care provider from releasing them. *See Comeaux,* 818 S.W.2d at 52 (citing the Medical Practice Act, Tex.Rev.Civ. Stat. Ann. art. 4495b, § 5.08(b)). On September 1, 1986, after the offense in *Comeaux* arose, article 4495b, section 5.08 was repealed and the doctor-patient privilege was abolished in criminal proceedings. Tex. R.Crim. Evid. 509. Because there is no longer a physician-patient privilege in a criminal proceeding, another court of appeals has concluded that a defendant in a prosecution for driving while intoxicated no longer has a reasonable expectation of privacy in blood alcohol test results. *Thurman v. State,* 861 S.W.2d 96, 98–100 (Tex.App.—Houston [1st Dist.] 1993, no pet.).

*Thurman* involved facts substantially identical to those before us in this cause. The defendant was involved in a traffic accident and taken to a hospital, where a sample of his blood was taken and tested for medical reasons. The result of the blood alcohol test was obtained by the State. In a subsequent prosecution for driving while intoxicated, the defendant sought to suppress the test result, relying on *Comeaux.* The court of appeals concluded that *Comeaux* was not controlling because the physician-patient privilege relied on in that opinion no longer exists. The court held that in light of rule 509, a criminal defendant's expectation of privacy in his medical records is one that society is not prepared to accept as reasonable. *Thurman,* 861 S.W.2d at 100.

We agree with the reasoning of *Thurman.* With the repeal of article 4495b, section 5.08, the disclosure of appellant's blood alcohol test result was not prohibited by statute. *See State v. Hurd,* 865 S.W.2d 605, 607 (Tex.App.—Fort Worth 1993, no pet.). Under rule 509, the test result was not privileged. If appellant could not invoke a physician-patient privilege to prevent testimony about the blood test result, he had no reason-

able expectation of privacy in the result on which to base his motion to suppress. The county court at law did not abuse its discretion by overruling appellant's motion to suppress. We overrule point of error three.

■ By point of error one, appellant contends that the trial court erred when admitting appellant's medical records because the State failed to properly lay a predicate for admission of the records. Appellant objected that, while the State identified the exhibit as medical records, the exhibit was not identified as appellant's medical records. The trial court overruled his objection.

Angela Peach, assistant director of medical records for Johns Community Hospital, testified for the State and identified the medical records. Peach testified, in accordance with Texas Rule of Criminal Evidence 803(6), that the records were of a regularly conducted business activity, recorded as part of a regularly conducted business activity, made by, or from data provided by, a person with knowledge of the matters recorded therein. She also testified that the records were made at or near the time of the matters recorded. She explained that it was within the regular course of her business to keep and make such records.

The State responds that while Peach did not explicitly state that the medical records to which she was referring were appellant's, other portions of the proceedings adequately identified the medical records as his. The State did not offer the medical records as evidence until just before closing its case-in-chief. As several other individuals testified for the State about appellant and his condition, they referred to the medical records to refresh their memories. Additionally, the first page of the State's medical records exhibit is a self-proving affidavit provided by the medical records custodian stating that these records pertain to appellant, and Peach was subject to cross-examination on the issue. We conclude that the county court did not err when overruling appellant's objection. We overrule point of error one.

By point of error two, appellant complains that the trial court improperly allowed a lab technician from Johns Community Hospital to testify about the results of blood tests performed by the Scott and White laboratory. Appellant complains that someone from the Scott and White lab should have testified about its results. Appellant contends that the testimony regarding the Scott and White blood test was improperly admitted hearsay. The State responds that the Scott and White test results, which appear in appellant's Johns Community Hospital medical records, were admissible as records of a regularly conducted business activity pursuant to the hearsay exception of Texas Rule of Criminal Evidence 803(6).

The State called Faye King, the lab technician at Johns Community Hospital, who performed the tests on appellant's blood sample. She explained to the court the procedures she took in conducting the tests. One of the tests she performed was a blood alcohol test. She explained that while the doctor interprets the test results, the blood alcohol test she conducted on appellant's blood sample revealed an alcohol concentration of .183. Because the hospital is small, tests that a doctor requests must often be performed by another lab. Some of the tests requested by appellant's doctor were performed by a Scott and White laboratory. Among the Scott and White lab tests was a second blood alcohol test. King testified that the Scott and White blood alcohol test also showed an elevated alcohol concentration in appellant's blood. As was Johns Community Hospital's regular business practice, the Scott and White test results were included in appellant's hospital medical records.

■ Since both blood alcohol tests showed that appellant had an elevated concentration of alcohol in his blood, the blood alcohol test results contained in the Scott and White report were cumulative of the blood alcohol test results from Johns Community Hospital. *See Anderson v. State*, 717 S.W.2d 622, 628 (Tex.Crim.App.1986), *cert. denied*, 496 U.S. 944, 110 S.Ct. 3232, 110 L.Ed.2d 678 (1990) (no reversible error when same facts shown by other testimony). We conclude that the error, if any, in the admission of testimony regarding the Scott and White blood alcohol

test was not reversible. We overrule point of error two.

We affirm the trial-court judgment.