cr5-515.CORPUS.DRAFT 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00515-CR







Julius Corpus, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 1 OF WILLIAMSON COUNTY 


NO. 94-2855-1, HONORABLE KEVIN HENDERSON, JUDGE PRESIDING








PER CURIAM


 The county court at law found appellant Julius Corpus guilty of driving while
intoxicated. Act of May 27, 1983, 68th Leg. R.S., ch. 303, § 3, 1983 Tex. Gen. Laws 1568,
1574 (Tex. Rev. Civ. Stat. Ann. art. 6701l-1(b), (c), since amended and codified at Tex. Penal
Code Ann. § 49.04). The court assessed punishment at incarceration for 180 days and a fine of
$1,500, probated for eighteen months. By three points of error, appellant contends that the county
court erred by overruling his motion to suppress his blood test results, admitting his medical
records into evidence, and allowing particular testimony. We will affirm.

 On July 15, 1994, about noon, Julie McCormick was at home when a man knocked
on her door. The man knew McCormick worked for the emergency medical services and asked
if she would come down the road and help out with a car accident. McCormick went to the
accident scene and found appellant sitting on the ground near a pickup truck that appeared to have
run off the road into a culvert. While McCormick checked appellant for injuries, another person
called 911. McCormick's check of appellant revealed no life-threatening injuries. McCormick
noticed a strong alcohol smell emanating from appellant but she did not see any alcoholic
beverages or containers in the area.

 Department of Public Safety trooper Matthew Lindemann was dispatched to the
one-vehicle accident scene. As he arrived, an EMS unit was leaving the scene transporting
appellant to the Johns Community Hospital emergency room. Lindemann went to the hospital and
observed appellant in a treatment room. Lindemann noted that appellant was incoherent, was not
responding to the nurse trying to talk with him, and smelled of alcohol.

 William Dodson, appellant's emergency room attending nurse, recalled smelling
alcohol about appellant. Dodson described appellant as uncooperative and combative. He had
bruises on his chest and abdomen. The emergency room doctor ordered several types of blood
tests, including a blood alcohol test, and x-rays for medical purposes only. Appellant's blood test
showed that his blood alcohol concentration was .183. The emergency room physician's diagnosis
was alcohol intoxication. Appellant remained in the hospital overnight. Appellant was not placed
under arrest or in any kind of temporary custody while at the hospital.

 By point of error three, appellant contends that the county court erred by overruling
his motion to suppress his blood alcohol test results.

 Before trial, appellant sought to suppress any evidence of his blood alcohol test
results under the Fourth Amendment to the United States Constitution, Article 1, §§ 9 and 10 of
the Texas Constitution, and Article 38.23 of the Texas Code of Criminal Procedure. While the
county court did not hold a pretrial suppression hearing, it found appellant guilty of driving while
intoxicated. Consequently, the county court impliedly overruled appellant's motion to suppress
his blood alcohol test results. See Rey v. State, 897 S.W.2d 333, 336 (Tex. Crim. App. 1995)
(court's ruling need not be expressly stated if actions or other statements unquestionably indicate
ruling).

 Appellant does not complain about the hospital employee's search of his blood for
assistance in diagnosing and treating him. Rather, appellant asserts that the disclosure of his
alcohol blood test results to the State amounted to a seizure of his records. Appellant contends
that he had a legitimate reasonable expectation of privacy to the contents of his medical records
which included his alcohol blood test results. Appellant contends that since he did not consent
to the State having his alcohol blood test results, the trial court improperly refused to suppress
them as evidence.

 A defendant seeking to suppress evidence bears the burden of proof. Russell v.
State, 717 S.W.2d 7, 9 (Tex. Crim. App. 1986); Johnson v. State, 834 S.W.2d 121, 122 (Tex.
App.--Houston [1st Dist.] 1992, pet. ref'd). A defendant must produce evidence that defeats a
presumption of proper police conduct which then shifts the burden to the prosecution. Russell,
717 S.W.2d at 9; Musick v. State, 862 S.W.2d 794, 799 (Tex. App.--El Paso 1993, pet. ref'd). 
The legal standard employed when reviewing a trial court's ruling on a motion to suppress
evidence is whether the trial court abused its discretion. Dubose v. State, 915 S.W.2d 493, 496-97 (Tex. Crim. App. 1996); State v. Comeaux, 786 S.W.2d 480, 482 (Tex. App.--Austin 1990),
aff'd, 818 S.W.2d 46 (Tex. Crim. App. 1991). When seeking to suppress evidence, a defendant
must establish (1) that there existed a subjective expectation of privacy in the place or property
searched, and (2) that society would recognize the subjective expectation as objectively
reasonable. Comeaux, 818 S.W.2d at 51 (citing Katz v. United States, 389 U.S. 347 (1967)).

 In Comeaux, the defendant, soon after being involved in a car accident, submitted
a blood sample to his emergency room attending doctor for medical purposes only. While the
attending doctor ordered several blood tests, he did not order that a blood alcohol test be
performed on the defendant's submitted blood sample. A police officer secured a portion of the
defendant's blood sample from an emergency room nurse. The officer testified that before
receiving the blood sample he did not believe that the defendant was intoxicated at the time of the
accident. The officer submitted the blood sample to a State laboratory for a blood alcohol test. 
The State's test revealed that the defendant was intoxicated. The trial court determined that
appellant's blood had been unlawfully seized and ordered the test result suppressed. This Court
affirmed the suppression order. 

 The Court of Criminal Appeals affirmed our judgment, holding that Comeaux had
a reasonable expectation of privacy in the blood sample he gave at the emergency room. In
reaching this decision, the court relied on the Medical Practice Act, which provided that medical
records were confidential and prohibited a health care provider from releasing them. See
Comeaux, 818 S.W.2d at 52 (citing the Medical Practice Act, Tex. Rev. Civ. Stat. Ann. art.
4495b, § 5.08(b)). On September 1, 1986, after the offense in Comeaux arose, article 4495b,
section 5.08 was repealed and the doctor-patient privilege was abolished in criminal proceedings. 
Tex. R. Crim. Evid. 509. Because there is no longer a physician-patient privilege in a criminal
proceeding, another court of appeals has concluded that a defendant in a prosecution for driving
while intoxicated no longer has a reasonable expectation of privacy in blood alcohol test results. 
Thurman v. State, 861 S.W.2d 96, 98-100 (Tex. App.--Houston [1st Dist.] 1993, no pet.).

 Thurman involved facts substantially identical to those before us in this cause. The
defendant was involved in a traffic accident and taken to a hospital, where a sample of his blood
was taken and tested for medical reasons. The result of the blood alcohol test was obtained by
the State. In a subsequent prosecution for driving while intoxicated, the defendant sought to
suppress the test result, relying on Comeaux. The court of appeals concluded that Comeaux was
not controlling because the physician-patient privilege relied on in that opinion no longer exists. 
The court held that in light of rule 509, a criminal defendant's expectation of privacy in his
medical records is one that society is not prepared to accept as reasonable. Thurman, 861 S.W.2d
at 100.

 We agree with the reasoning of Thurman. With the repeal of article 4495b, section
5.08, the disclosure of appellant's blood alcohol test result was not prohibited by statute. See
State v. Hurd, 865 S.W.2d 605, 607 (Tex. App.--Fort Worth 1993, no pet.). Under rule 509, the
test result was not privileged. If appellant could not invoke a physician-patient privilege to
prevent testimony about the blood test result, he had no reasonable expectation of privacy in the
result on which to base his motion to suppress. The county court at law did not abuse its
discretion by overruling appellant's motion to suppress. We overrule point of error three.

 By point of error one, appellant contends that the trial court erred when admitting
appellant's medical records because the State failed to properly lay a predicate for admission of
the records. Appellant objected that, while the State identified the exhibit as medical records, the
exhibit was not identified as appellant's medical records. The trial court overruled his objection.

 Angela Peach, assistant director of medical records for Johns Community Hospital,
testified for the State and identified the medical records. Peach testified, in accordance with Texas
Rule of Criminal Evidence 803(6), that the records were of a regularly conducted business
activity, recorded as part of a regularly conducted business activity, made by, or from data
provided by, a person with knowledge of the matters recorded therein. She also testified that the
records were made at or near the time of the matters recorded. She explained that it was within
the regular course of her business to keep and make such records.

 The State responds that while Peach did not explicitly state that the medical records
to which she was referring were appellant's, other portions of the proceedings adequately
identified the medical records as his. The State did not offer the medical records as evidence until
just before closing its case-in-chief. As several other individuals testified for the State about
appellant and his condition, they referred to the medical records to refresh their memories. 
Additionally, the first page of the State's medical records exhibit is a self-proving affidavit
provided by the medical records custodian stating that these records pertain to appellant, and
Peach was subject to cross-examination on the issue. We conclude that the county court did not
err when overruling appellant's objection. We overrule point of error one.

 By point of error two, appellant complains that the trial court improperly allowed
a lab technician from Johns Community Hospital to testify about the results of blood tests
performed by the Scott and White laboratory. Appellant complains that someone from the Scott
and White lab should have testified about its results. Appellant contends that the testimony
regarding the Scott and White blood test was improperly admitted hearsay. The State responds
that the Scott and White test results, which appear in appellant's Johns Community Hospital
medical records, were admissible as records of a regularly conducted business activity pursuant
to the hearsay exception of Texas Rule of Criminal Evidence 803(6).

 The State called Faye King, the lab technician at Johns Community Hospital, who
performed the tests on appellant's blood sample. She explained to the court the procedures she
took in conducting the tests. One of the tests she performed was a blood alcohol test. She
explained that while the doctor interprets the test results, the blood alcohol test she conducted on
appellant's blood sample revealed an alcohol concentration of .183. Because the hospital is small,
tests that a doctor requests must often be performed by another lab. Some of the tests requested
by appellant's doctor were performed by a Scott and White laboratory. Among the Scott and
White lab tests was a second blood alcohol test. King testified that the Scott and White blood
alcohol test also showed an elevated alcohol concentration in appellant's blood. As was Johns
Community Hospital's regular business practice, the Scott and White test results were included
in appellant's hospital medical records.

 Since both blood alcohol tests showed that appellant had an elevated concentration
of alcohol in his blood, the blood alcohol test results contained in the Scott and White report were
cumulative of the blood alcohol test results from Johns Community Hospital. See Anderson v.
State, 717 S.W.2d 622, 628 (Tex. Crim. App. 1986), cert. denied, 110 S. Ct. 3232 (1990) (no
reversible error when same facts shown by other testimony). We conclude that the error, if any,
in the admission of testimony regarding the Scott and White blood alcohol test was not reversible. 
We overrule point of error two.

 We affirm the trial-court judgment.


Before Chief Justice Carroll, Justices Aboussie and Kidd

Affirmed

Filed: September 11, 1996

Publish



r three.

 By point of error one, appellant contends that the trial court erred when admitting
appellant's medical records because the State failed to properly lay a predicate for admission of
the records. Appellant objected that, while the State identified the exhibit as medical records, the
exhibit was not identified as appellant's medical records. The trial court overruled his objection.

 Angela Peach, assistant director of medical records for Johns Community Hospital,
testified for the State and identified the medical records. Peach testified, in accordance with Texas
Rule of Criminal Evidence 803(6), that the records were of a regularly conducted business
activity, recorded as part of a regularly conducted business activity, made by, or from data
provided by, a person with knowledge of the matters recorded therein. She also testified that the
records were made at or near the time of the matters recorded. She explained that it was within
the regular course of her business to keep and make such records.

 The State responds that while Peach did not explicitly state that the medical records
to which she was referring were appellant's, other portions of the proceedings adequately
identified the medical records as his. The State did not offer the medical records as evidence until
just before closing its case-in-chief. As several other individuals testified for the State about
appellant and his condition, they referred to the medical records to refresh their memories. 
Additionally, the first page of the State's medical records exhibit is a self-proving affidavit
provided by the medical records custodian stating that these records pertain to appellant, and
Peach was subject to cross-examination on the issue. We conclude that the county court did not
err when overruling appellant's objection. We overrule point of error one.

 By point of error two, appellant complains that the trial court improperly allowed
a lab technician from Johns Community Hospital to testify about the results of blood tests
performed by the Scott and White laboratory. Appellant complains that someone from the Scott
and White lab should have testified about its results. Appellant contends that the testimony
regarding the Scott and White blood test was improperly admitted hearsay. The State responds
that the Scott and White test results, which appear in appellant's Johns Community Hospital
medical records, were admissible as records of a regularly conducted business activity pursuant
to the hearsay exception of Texas Rule of Criminal Evidence 803(6).

 The State called Faye King, the lab technician at Johns Community Hospital, who
performed the tests on appellant's blood sample. She explained to the court the procedures she
took in conducting the tests. One of the tests she performed was a blood alcohol test. She
explained that while the doctor interprets the test results, the blood alcohol test she conducted on
appellant's blood sample revealed an alcohol concentration of .183. Because the hospital is small,
tests that a doctor requests must often be performed by another lab. Some of the tests requested
by appellant's doctor were performed by a Scott and White laboratory. Among the Scott and
White lab tests was a second blood alcohol test. King testified that the Scott and White blood
alcohol test also showed an elevated alcohol concentration in appellant's blood. As was Johns
Community Hospital's regular business practice, the Scott and White test results were included
in appellant's hospital medical records.

 Since both blood alcohol tests showed that appellant had an elevated concentration
of alcohol in his blood, the blood alcohol test results contained in the Scott and White report were
cumulative of the blood alcohol test results from Johns Community Hospital.