**Danny James CLARK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–95–544–CR.**

Court of Appeals of Texas, Corpus Christi.

Oct. 24, 1996.

Rehearing Overruled Nov. 14, 1996.

Richard D. Hatch, Jr., Aransas Pass, for appellant.

Thomas L. Bridges, District Attorney, Anita J. O'Rourke, Assistant District Attorney, Sinton, for the state.

Before SEERDEN, C.J., and YAÑEZ and RODRIGUEZ, JJ.

## OPINION

RODRIGUEZ, Justice.

A jury found appellant guilty of intoxication assault and assessed his punishment at a fine of $10,000 and three years in prison. By a single point of error, appellant complains of the admission of blood test results. We affirm.

Appellant was involved in an automobile accident on January 22, 1995. The first paramedic who arrived at the accident described appellant's condition as critical. Appellant was conscious, but not verbal, pinned in his vehicle and had to be removed by the "Jaws of Life." Appellant was taken to Memorial Medical Center in Corpus Christi. The emergency room doctor "called out a trauma code" and, in accordance with hospital protocol, an emergency room technician drew blood from appellant. Part of the trauma protocol is to check for blood alcohol concentration. Appellant's blood contained .25 grams of alcohol per 100 milliliters of blood. Sometime thereafter, a grand jury subpoena was issued for the blood test results.

Appellant filed a pretrial motion to suppress the blood test results. Appellant alleged that his blood was seized without a warrant, without his consent, without any reasonable suspicion that he had engaged in criminal activity, and without probable cause. A pretrial hearing was held on the motion, and the parties stipulated

> that should [Officer Steve Miller] testify, he would testify that he did not request consent from the defendant to draw blood, nor was consent ever given to him to draw blood, nor did he have anything to do with the drawing of blood at the hospital where the defendant was a patient. He did not either seize nor did he request that any blood or testing be done.
>
> In addition, we would stipulate that the officer, Mr. Steve Miller, did draw up the subpoena for the grand jury of the medical records of the defendant and that he did present that subpoena, obtain the records as a part of his investigation of the acci-

dent in which the defendant was involved. He did not obtain any blood sample. He simply obtained medical records which contained the result of blood testing that was done at the time the defendant was admitted to the hospital.

Appellant does not cite any authority for his position on appeal. In the trial court, he relied, in part, on *State v. Comeaux*, 818 S.W.2d 46 (Tex.Crim.App.1991). Comeaux, like appellant, was hurt in a car accident and taken to a hospital. His doctor ordered that a blood sample be drawn and tested for medical purposes, but the doctor did not order a blood-alcohol content analysis. Although police had no reason to suspect that Comeaux had consumed any alcohol, a police officer asked the nurse to give him a blood sample. She refused, and the officer then produced a document falsely stating that Comeaux was required to give a blood sample. The nurse then complied. The State tested the blood at its laboratory and then charged Comeaux with DWI. The trial judge, the court of appeals, and the Court of Criminal Appeals all held that the seizure and testing amounted to state action and was an unreasonable search and seizure. *Comeaux*, 818 S.W.2d at 50–53.

We do not find *Comeaux* controlling. In the present case, unlike *Comeaux*, the police officer did not order anyone to produce a sample of appellant's blood test. The sample was drawn and the blood test for alcohol concentration was conducted for medical purposes at the attending doctor's request. The State merely obtained the test results pursuant to a subpoena. Under these circumstances, there was no seizure of appellant's blood. *Thurman v. State*, 861 S.W.2d 96, 100 (Tex.App.—Houston [1st Dist.] 1993, no pet.). Moreover, there is no physician-patient privilege in criminal proceedings which would even arguably protect the results. Tex. R.Crim.Evid. 509; *see State v. Hurd*, 865 S.W.2d 605, 606 (Tex.App.—Fort Worth 1993, no pet.). We find that the trial court did not err in overruling appellant's motion to suppress. Appellant's sole point of error is overruled.

The judgment of the trial court is affirmed.

Concurring opinion by YAÑEZ, J.

YAÑEZ, Justice, concurring.

I agree with the majority in overruling appellant's point of error and affirming the conviction, however I add my voice to that of the panel in *Thurman v. State,* 861 S.W.2d 96, 101–02 (Tex.App.—Houston [1st Dist.] 1993, no pet.), in which the court expressed concern in the concurring opinion that the unrestricted use of grand jury subpoenas to obtain medical records is a serious threat to privacy. I join the panel in *Thurman* in urging legislative review and enactment of reasonable limits upon the use of grand jury subpoenas for things as intimate as medical records.