NUMBER
13-99-254-CR

 

                             COURT
OF APPEALS

 

                   THIRTEENTH
DISTRICT OF TEXAS

 

                      CORPUS
CHRISTI B EDINBURG


 

KEVIN BROOK KUGLEY,                                                        Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                          Appellee.

 

On
appeal from County Criminal Court at Law No. 14

of Harris County, Texas

 

 

                                   O
P I N I O N

 

           Before
Chief Justice Valdez and Justices Dorsey and Baird[1]

                                   Opinion
by Justice Baird    

 








Appellant was charged by information with the offense of driving while
intoxicated (DWI).  A jury convicted
appellant of the charged offense and assessed punishment at sixty days
confinement and a $2,000.00 fine, both probated.  Appellant raises five points of error.  We affirm. 


I.

The first point of error contends the prosecution was barred by the
statute of limitations.  Appellant was
initially charged with the instant offense on January 27, 1994.  Five years later on February 8, 1999, the
State=s motion to dismiss
that information was granted, and the instant information was filed.

The statute of limitations for the offense of DWI is two years.  Tex. Code Crim. Proc. Ann. art.
12.02 (Vernon 1977). 
Because no tolling provision was alleged in the subsequent information,
the instant offense was ostensibly barred. 
The statute of limitations is treated as a defense.  Proctor v. State, 967 S.W.2d 840, 844
(Tex. Crim. App. 1998).  The Proctor
Court held the defense created by the statute of limitations:

is forfeited if not
asserted at or before the guilt/innocence stage of trial. Before trial, a
defendant may assert the statute of limitations defense by filing a motion to
dismiss under Article 27.08(2) of the Texas Code of Criminal Procedure. At
trial, the defendant may assert the defense by requesting a jury instruction on
limitations if there is some evidence before the jury, from any source, that
the prosecution is limitations‑barred. If there is some such evidence and
the defendant requests a jury instruction on the limitations defense, then the
State must prove beyond a reasonable doubt that the prosecution is not
limitations‑barred. 

 

Id.








In the instant case, appellant orally raised the issue but did not
file a written motion.[2]  Exceptions to the substance of an information must be made in writing.  Tex. Code Crim. Proc. Ann. art.
27.10 (Vernon 1989). 
Since appellant=s motion was oral,
rather than written, we hold the trial judge did not err in denying it.  State v. Abrego, 974 S.W.2d 177, 179
(Tex. App.BSan Antonio 1998, no
pet.) (reversing trial court's granting of defendant's
oral motion to quash).  Additionally, the
defense was neither asserted at trial nor did appellant request a jury
instruction on the limitations defense. 
For these reasons the first point of error is overruled.

II.

The second point of error contends the trial judge erred in admitting
the results of a hospital blood test after appellant refused a peace officer=s request for a blood
sample.  The instant prosecution involved
a collision between appellant=s vehicle and a marked
patrol vehicle driven by an officer of the City of Houston Police Department. 








Officer J. Garza, also of the Houston Police Department, was
dispatched to the scene of the collision where he interviewed appellant.  Garza formed the opinion that appellant was
intoxicated, and informed appellant of the right to refuse to give a sample of
his breath or blood.  Appellant refused to
provide either specimen.  Appellant was
subsequently transported to a hospital where Larry Renfro, a nurse, drew a
sample of appellant=s blood.  The trial judge found Renfro was operating
under the directives of the attending physician and not law enforcement, and
that Renfro drew the blood for medical diagnosis.  

When an accused contends that evidence has been seized from him in
violation of his constitutional or statutory rights, he bears the initial
burden of proving that the government or a private party acting at the behest
of the government has seized the evidence in question without a warrant.  Russell v. State,
717 S.W.2d 7, 9 (Tex. Crim. App.1986). 
We have held under similar circumstances that no seizure occurred.  Clark v. State, 933 S.W.2d 332, 333
(Tex. App.BCorpus Christi 1996,
no pet.).  Consistent with this
precedent, we hold appellant has failed to satisfy his initial burden of
proving that hospital personnel were acting as instruments or agents of the
police when they drew and tested his blood specimen.  Because there is no evidence the drawing and
testing of appellant=s blood was done by a
law enforcement official or a private citizen acting as an agent of the State,
appellant=s federal and state
constitutional rights against unreasonable search and seizure were not
implicated.  The second point of error is
overruled.

III.








The third point of error contends the trial judge erred in finding
Garza had sufficient probable cause to arrest appellant.  We review this point under an abuse of
discretion standard of review.  Oles v. State, 993 S .W.2d 103, 106 (Tex. Crim. App. 1999).  During his interview with appellant, Garza
noticed that appellant had blood shot eyes, and a
strong odor of alcohol on his breath. 
Garza administered the horizontal gaze nystagmus test which appellant
failed.  Additionally, Garza saw bottles
of beer inside of the vehicle which he determined appellant had been
driving.  In light of this evidence, we
cannot say the trial court abused its discretion in finding Garza had probable
cause to arrest appellant.  The third
point of error is overruled.

IV.

The fourth point of error contends the trial judge erred in admitting
into evidence the results of an analysis of appellant=s blood.  Pamela Newman was an employee assigned to the
laboratory at Ben Taub hospital.  In that
capacity, she placed a vial of blood purportedly taken from appellant into a
machine.  The machine then ran eight
different analyses of that blood. The results were then printed.  Newman testified the results of the Aalcohol test@ were 0.191.  Subsequently, a printout of the tests
performed was admitted into evidence as State=s exhibit 12A. This point of error has two
components: (a) the hearsay nature of the evidence; (b) the belief that the
evidentiary predicate B chain of custody was
not sufficient to establish the blood was appellant=s.[3]








 "Hearsay" is defined
as "a statement, other than one made by the declarant while testifying at
the trial or hearing, offered in evidence to prove the truth of the matter
asserted."  Tex. R. Evid. 801(d).  A "declarant" is defined as "a
person who makes a statement."  Tex. R. Evid. 801(b).  Although a machine is not a person, the
printout may be hearsay if it merely regurgitates data entered by humans. Stevenson
v. State, 920 S.W.2d 342, 343 (Tex. App.BDallas 1996, no pet.);
Murray v. State, 804 S.W.2d 279, 283‑84 (Tex. App.BFort Worth 1991, pet.
ref'd).  However, if the machine
generates its own data, it is not hearsay. 
Stevenson, 920 S.W.2d at 343‑44; Murray,
804 S.W.2d at 284.  Newman testified that
she did not enter any data.  The machine
independently performed all of the tests, and generated the complained of
result.  Therefore, the results were not
hearsay.

In advancing his second argument, appellant relies on Beck v. State,
651 S.W.2d 827 (Tex. App.BHouston [1st Dist.]
1983, no pet.), which established the rule that where the State shows the
beginning and end of an evidentiary chain of custody, gaps in between go to
weight, rather than admissibility of the evidence, but if the State fails to
show the beginning, or the end, of the custody chain, then the issue is one of
admissibility, not weight.  Id. at 829.  As
noted in section II, supra, appellant=s blood was taken by Renfro.  Renfro testified the blood was drawn between
3:15 and 3:25 a.m., on December 4, 1993. 
Newman testified the machine tested the blood at 5:57 a.m., the same
day.  This testimony clearly establishes
both the beginning and end of the chain of custody.

For these reasons, we reject both arguments advanced by appellant in
connection with this point of error. 
Accordingly, the fourth point of error is overruled.

 

 








V.

The fifth point of error contends the trial court erred in admitting
Frank Hwa to offer an opinion of appellant=s blood alcohol
content at the time of his operation of a motor vehicle.  Hwa was a chemist with the Houston Police
Department and a technical supervisor for the Texas Breath-Alcohol Testing
Program whose duties included analyzing blood and urine for alcohol and
controlled substances.  Using the blood alcohol
content result discussed in part IV, supra, Hwa, using various factors
for his extrapolation, opined appellant=s blood alcohol
contend was 0.16 at the time he operated a motor vehicle.  According to Hwa, the only way appellant=s blood alcohol
content could have been less than 0.10 at the time of the collision discussed
in part II, supra, was if appellant consumed four drinks immediately
before the collision.  

In support of this point of error, appellant relies solely on the
panel opinion in Mireles v. Texas Dep't of Pub. Safety. 
However, that opinion was subsequently withdrawn and superseded by the en
banc opinion of the San Antonio Court of Appeals.  993 S.W.2d 426, 443 (Tex. App.BSan Antonio 1999)
(text of superseded en banc opinion), aff'd, 9 S.W.3d 128
(Tex.1999).  As the State notes, these
latter two opinions were released prior to the filing of appellant=s brief.  By citing an opinion that has been withdrawn
and superseded, appellant has failed to provide authority supporting this point
of error.  It is, therefore, inadequately
briefed.  Tex. R. App. P. 38.1(h); Sanders v. State, 963 S.W.2d
184, 191 (Tex. App.BCorpus Christi 1998, pet. ref'd).  The fifth point of error is overruled.








The judgment of the trial court is affirmed.

 

 

                                                   


CHARLES
F. BAIRD

Justice

 

 

Do Not
Publish.  

Tex. R. App. P. 47.3.

 

Opinion
delivered and filed this 

the 20th day of
June, 2002.

 

 











[1]
Former
Court of Criminal Appeals Judge Charles F. Baird assigned to this Court by the
Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov=t Code
Ann. ' 74.003 (Vernon 1998).





[2]  In denying the motion, the trial judge referred to it as the AMotion
to Quash the Pleadings.@  We have diligently searched the clerk=s
record to find this motion in written form. 
While we have found several written motions, none of them bear this
title, nor do any of them raise the limitations issue.  Additionally, we note that neither appellant=s nor
the State=s
brief cites us to a written motion.





[3]  Specifically, the fourth
point of error states: AThe
trial court committed reversible error in allowing into evidence the results of
an instrument analysis of the blood of appellant which results were hearsay as
to the witness testifying to the results.@