NUMBER
13-01-524-CR

 

                             COURT
OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 

 

VINCENT G. WOODARD,                                                     Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                       Appellee.

 

 

     On appeal from the
377th District Court of Victoria County, Texas.

 

 

                                   O P I N I O N

 

          Before Chief Justice Valdez and
Justices Yañez and Castillo

                                   Opinion by
Justice Yañez

 

 








Appellant, Vincent G.
Woodard, was tried before a jury and found guilty of intoxication manslaughter
as a habitual felon with a finding of a deadly weapon, and sentenced to life in
the Institutional Division of the Texas Department of Criminal Justice.  Through one issue, appellant contends that he
was illegally searched when his blood was drawn without consent.  We overrule the issue and affirm the trial
court.

Appellant drove his
motor vehicle into a severe accident resulting in the death of Kein Sanford.
After the accident, appellant was rushed to the emergency room of Citizens
Medical Center.  The medical center staff
drew the appellant=s blood as a part of its
medical procedure.  Hospital personnel
performed a number of tests on the blood, including one for blood alcohol
concentration.  The hospital tests revealed
that appellant had a blood alcohol content level of .226.  Subsequently, the criminal district attorney=s office presented two
grand jury subpoenas for the appellant=s medical records and
four tubes of the appellant=s blood.  The tubes of blood were analyzed by the
Department of Public Safety lab and found to have a blood alcohol content of
.22.  Appellant now contends he was
illegally searched when the blood was drawn without his consent.

While an appellate court
must view the historical facts in the light most favorable to the trial court's
determination, whether those facts give rise to a reasonable expectation of
privacy is a question of law to be reviewed de novo.  See State v. Hardy,
963 S.W.2d 516, 523 (Tex. Crim. App. 1997).








As a general rule, the
taking of a blood sample is a "search and seizure" within the meaning
of Article I, Section 9, of the Texas Constitution, and the Fourth Amendment to
the United States Constitution.  Tex. Const. art. I, ' 9; see Schmerber
v. California, 384 U.S. 757, 767 (1966); Weaver v. State, 721 S.W.2d 495, 497
(Tex. App.BHouston
[1st  District] 1986, pet. ref=d.).  However, where the State is not involved in
obtaining the blood sample, the constitutional prohibition against unreasonable
searches and seizures does not apply. See Vargas v. State, 542
S.W.2d 151, 153 (Tex. Crim. App. 1976); Weaver, 721 S.W.2d at 497.

Moreover, this Court
visited this issue in Clark v. State, 933 S.W.2d 332, 333 (Tex. App.BCorpus Christi 1996, no
pet.).  In Clark, appellant was
involved in an automobile accident and taken to Memorial Medical Center in
Corpus Christi. Id. The emergency room doctor "called out a trauma
code" and, in accordance with hospital protocol, an emergency room
technician drew blood from appellant.  Id. 
Part of the trauma protocol was to check for blood-alcohol
concentration. Id.  Sometime
thereafter, a grand jury subpoena was issued for the blood test results.  Id. 
The State then obtained the results as a result of the subpoena.  Id. 
On appeal, the appellant alleged that his blood was seized without a
warrant and without his consent.  Id.  Under these circumstances, this Court held
there was no illegal search and seizure of the appellant=s blood, as the
sample was drawn for medical purposes. Id.

The facts in
the instant case are no different.  In
this case, as in Clark, after a severe motor vehicle accident, appellant
was taken to a medical care facility. See id.  As part of the standard care for his
condition, blood was drawn by medical personnel.  A blood-alcohol concentration test was
performed by hospital staff as part of the standard procedure.  At no time did the State participate in the
drawing of blood or the testing of the blood at the hospital.  Furthermore, the State did not order the
hospital to take the sample.  The results
were obtained by the State through a grand jury subpoena.  Therefore, just as in Clark, there was
no illegal search and seizure of appellant=s blood. See
id.

We hold that
there was no illegal seizure of the appellant=s blood and overrule the issue.








The judgment of
the trial court is affirmed.

 

                                                               
                                                      

LINDA REYNA
YAÑEZ

Justice

 

 

Do not publish.  Tex.
R. App. P. 47.3.

 

Opinion delivered and filed this the

15th day of
August, 2002.