Anibal MONTANEZ a/k/a Ivan Montilla–Pena, Appellant

v.

The STATE of Texas, Appellee.

No. 10–02–00274–CR.

Court of Appeals of Texas, Waco.

July 28, 2004.

David M. Cook, Lufkin, for Appellant.

Katrina L. Jackson, Angelina County Asst. District Attorney, Lufkin, for Appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION ON PETITION FOR DISCRETIONARY REVIEW

BILL VANCE, Justice.

This is a suppression case.

Appellant, a native of Puerto Rico, does not speak English well. He "consented" to a search of the vehicle he was driving. The definitive issue before us is whether the trial judge, in denying a motion to suppress the evidence, could have found by clear and convincing evidence that Appellant freely and voluntarily consented to the search. We conclude that the answer is "no."

Appellant and an unrelated passenger, a native of the Dominican Republic who speaks less English than Appellant, both non-residents of Texas, were traveling in a borrowed car when Investigator Jason Bridges of the Deep East Texas Regional Narcotics Task Force stopped the vehicle to investigate possible traffic violations. Events led to discovery of a "trapdoor" in the gasoline tank where seven kilos of cocaine were stored. After the trial court denied a motion to suppress the evidence, Appellant pled guilty and was sentenced to twenty years in prison. In a single issue, he complains of the denial of his pre-trial motion, challenging the ruling on three

levels: (1) the stop was not justified; (2) consent was not proven by clear and convincing evidence; and (3) the scope of the search went beyond the consent. The State, asserting jurisdictional and procedural objections, does not address the merits of Appellant's issue.[1]

■ We have reviewed the record of the suppression hearing held on April 15, 2002, including the videotape admitted into evidence that covers the time period from the stop until Appellant's arrest. We will follow the general rule that "appellate courts should afford almost total deference to a trial court's determination of the historical facts that the record supports especially when the trial court's fact findings are based on an evaluation of credibility and demeanor." *Brown v. State*, 115 S.W.3d 633, 635 (Tex.App.-Waco 2003, no pet.) (citing *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App.1997)).

### THE TRAFFIC STOP

With respect to the officer's right to stop Appellant, we have noted, "When a traffic violation is committed within an officer's view, the officer may lawfully stop and detain a person for the traffic violation." *Bellard v. State*, 101 S.W.3d 594, 600 (Tex.App.-Waco 2003, pet. ref'd). Investigator Bridges testified that Appellant was stopped because the officer observed that the license plate light was not working and because a frame around the license plate was obscuring part of the plate. We will assume without deciding that the stop was justified and turn directly to the question of the validity of Appellant's consent.

---

1. Procedurally, the State correctly points out that no order denying Appellant's motion to suppress the evidence can be found in the record. We will imply an adverse ruling in light of the events that took place after the hearing, including a certification by the court of Appellant's right to appeal based on a pre-trial ruling. Tex.R.App. P. 33.1(a)(2)(A). The jurisdictional issue was resolved when Appellant filed an amended notice of appeal under Rule 25.2. Tex.R.App. P. 25.2.

## CONSENT TO SEARCH

▇▇▇ Appellant asserts the protections of article I, section 9 of the Texas Constitution. Tex. Const. art. I, § 9. A search after voluntary consent is not unreasonable under that provision. *See Reasor v. State*, 12 S.W.3d 813, 818 (Tex.Crim.App. 2000). However, voluntary consent is not shown by a mere acquiescence to a claim of lawful authority. *Carmouche v. State*, 10 S.W.3d 323, 331 (Tex.Crim.App.2000). Whether consent was given voluntarily is a question of fact to be determined from the totality of the circumstances. *Reasor*, 12 S.W.3d at 818. "[T]he State has the burden of proof by clear and convincing evidence that consent was freely and voluntarily given." *Lopes v. State*, 85 S.W.3d 844, 848 (Tex.App.-Waco 2002, no pet.) (citing *State v. Ibarra*, 953 S.W.2d 242, 245 (Tex.Crim.App.1997); and *Meeks v. State*, 692 S.W.2d 504, 509 (Tex.Crim.App.1985)).

▇▇▇ At the hearing on the motion to suppress, Investigator Bridges testified that he was an eight-year veteran peace officer who had had over 1,500 hours of in-service training in various schools—including interdiction schools and narcotics schools and including 500–600 hours in concealment methods. He said that Appellant "did not speak very much English, so we did have somewhat of a language barrier." He said he asked for and received consent to search the vehicle.[2] A videotape taken at the scene of the traffic stop was admitted into evidence without objection.[3]

On cross-examination, Bridges maintained that they had "communicated quite well" but acknowledged that Appellant "spoke very little" English.

As the trial court noted, the videotape speaks for itself. Our review of the videotape shows that Investigator Bridges had great difficulty in communicating with both Appellant and his passenger. It is readily apparent from the videotape that Appellant spoke little English and his passenger less. Investigator Bridges spoke some words in Spanish, rather unsuccessfully. In fact, Bridges asked two other officers who appeared during the one-hour-plus search whether they spoke Spanish, implying that he questioned whether he had effectively communicated with Appellant and his passenger.

We have reviewed the totality of the circumstances in light of the State's burden of proof on the issue of consent. Giving proper deference to the trial court's determination, we nevertheless conclude that the record of the suppression hearing does not contain clear and convincing evidence[4] to support the trial court's finding that Appellant freely and voluntarily consented to the search. *Id.; Guevara v.*

---

2. Bridges said that at the time he obtained consent, he did not have probable cause to search the vehicle.

3. At this point, counsel for Appellant asked the court to appoint an interpreter for Appellant. The name of the interpreter does not appear in the record.

4. We have found no Court of Criminal Appeals case defining the term "clear-and-convincing evidence." In the civil context, it is described as evidence from which a factfinder could reasonably form a firm belief or conviction about the fact found. *See In re C.H.*, 89 S.W.3d 17, 25 (Tex.2002) (establishing civil legal-sufficiency standard of review when burden of proof at trial was by clear-and-convincing evidence); *see also Tex. Fam.Code Ann.* § 101.007 (Vernon 2002) ("the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established"). The burden of proof in a trial-court hearing affects the standard by which we review factual determinations on appeal. *See Zuniga v. State*, No. 539–02, 144 S.W.3d 477, 484, 2004 WL 840786 at *7 (Tex.Crim. App.2004).

*State,* 97 S.W.3d 579, 583 (Tex.Crim.App. 2003). As the Court of Criminal Appeals noted in *Ibarra:* "Indeed, free and voluntary consent may come with more difficulty to those who, like many Texas immigrants, have a limited understanding of the English language." *Ibarra,* 953 S.W.2d at 245. To paraphrase the Court in a more recent case: Appellant, "who was clearly unaccustomed to asserting 'personal rights' against the authority of [law enforcement], may well not have had the slightest notion that he had any 'rights' or any 'privilege' to assert them." *See Garcia v. State,* — S.W.3d ——, ——, 2004 WL 574554, *8 (Tex.Crim.App.2004).

■ Investigator Bridges had had over 1,500 hours of training in narcotics interdiction. He undoubtedly came into contact on a daily basis with individuals who had little command of the English language. We find instructive the observations of the United States District Court for the District of Rhode Island in a case in which the court suppressed, because of an absence of voluntary consent,[5] evidence of a search of a bag carried by the defendant, who had "limited skills in English":

> The Court is deeply concerned that the Rhode Island police have no institutional procedure for dealing with cases of this nature. With an ever-increasing Hispanic population in our area, police will certainly be faced in the future with other suspects who speak little or no English.

Hispanic suspects who neither speak English nor are familiar with their rights under the Constitution are doubly disadvantaged in their encounters with law enforcement personnel. Fourth Amendment protections are particularly important in such cases and may not be abrogated by a language barrier. Some mechanism, whether it be the use of written Spanish consent forms, training of police officers in a second language, or some other creative device, must be adopted to ensure that police do not abridge the constitutional rights of those individuals simply because they do not speak English.

*United States v. Gaviria,* 775 F.Supp. 495, 502 (D.R.I.1991).

In *Estrada v. State,* the Austin Court upheld a search, observing that Estrada spoke "in heavily accented but clear English" and "understood what [the officer] was asking.... [A]ppellant's affirmative response was prompt and seemingly unforced." *Estrada v. State,* 30 S.W.3d 599, 604 (Tex.App.-Austin 2000, pet. ref'd).[6] We find *Estrada* distinguishable, based on the difference between the court's description of Estrada's ability to speak and understand English and Appellant's ability to speak and understand English as shown by the videotape in this case.

### SCOPE OF THE SEARCH

We do not reach Appellant's third ground of attack that the scope of the

---

5. The federal constitution requires proof of consent by a preponderance of the evidence. *United States v. Matlock,* 415 U.S. 164, 176–78, 94 S.Ct. 988, 996, 39 L.Ed.2d 242 (1974). Thus, the evidence of voluntary consent must be more certain to meet the Texas standard.

6. In *Cardenas v. State,* the Fourteenth Court upheld a search against a language-barrier claim, relying primarily on a consent-to-search form that Cardenas had signed.

*Cardenas v. State,* 857 S.W.2d 707, 711–15 (Tex.App.-Houston [14th Dist.] 1993, pet. ref'd). In *Reyna v. State,* the San Antonio Court denied a challenge to a waiver of the right to appeal based on a language barrier, but noted an "underlying principle that Reyna's waiver would be ineffective if he did not understand the nature and effect of the document." *Reyna v. State,* 993 S.W.2d 142, 145 (Tex.App.-San Antonio 1999, pet. ref'd).

search in this instance exceeded the consent given. *See Mantzke v. State*, 93 S.W.3d 536, 540 (Tex.App.-Texarkana 2002, no pet.) (extent of a search is limited to the scope of the consent given, and the scope of the consent is generally defined by its expressed object; standard for measuring the scope of consent is that of objective reasonableness, *i.e.*, what a reasonable person would have understood by the exchange between the officer and the individual).

## CONCLUSION

Having determined that Appellant's consent to search was not proven by clear and convincing evidence, we sustain Appellant's issue, reverse the judgment, grant Appellant's motion to suppress all evidence seized as a result of the search, and remand the cause to the trial court for further proceedings consistent with this opinion.

We withdraw our opinion and judgment dated May 12, 2004, and substitute this opinion therefor. Tex.R.App. P. 50. The State's Petition for Discretionary Review is dismissed by operation of law. *Id.*

Chief Justice GRAY, filed a dissenting opinion.

TOM GRAY, Chief Justice, dissenting.

I respectfully dissent. Appellant failed to preserve any error. Assuming *arguendo* that Appellant had preserved error, moreover, the Court applies the wrong standard of review.

Appellant failed to preserve a complaint for appellate review. The Rules of Appellate Procedure require, "As a prerequisite to presenting a complaint for appellate review, the record must show that … the trial court … ruled on the request, objection, or motion, either expressly or implicitly…." Tex.R.App. P. 33.1(a); *see Manns*

*v. State*, 122 S.W.3d 171, 192 & n. 96 (Tex.Crim.App.2003). The record does not show that the trial court ruled on Appellant's motion to suppress evidence. The majority "impl[ies] an adverse ruling in light of the events that took place after the hearing, including a certification by the court of Appellant's right to appeal based on a pre-trial ruling." (Op. at 345 n. 1.) But if an adverse ruling could be implied merely from the fact of an appeal, then no appellate issue could ever be forfeited by the lack of a ruling. *See Gutierrez v. State*, No. 14-96-01017-CR, 2001 WL 783711, *2-3 (Tex.App.-Houston [14th Dist.] July 12, 2001, pet. ref'd) (not designated for publication). Here, we have no reporter's record of the plea hearing, and the clerk's record does not show what evidence was admitted at the hearing. It would have been trivially simple for Appellant to ask for a ruling, make a bill of exception, object to the trial court's failure to rule, or supplement the record on appeal; but he failed to do so. Accordingly, we should hold that he forfeited his issue.

Even assuming that Appellant had preserved a complaint concerning the trial court's ruling on the motion to suppress evidence, the majority errs in not applying the correct standard of review. Indeed, the majority gives even less deference to the trial court in its opinion on petition for discretionary review than it did in its original opinion, and thus goes even further astray. In its original opinion, the majority at least acknowledged that it must, although it failed to do so, "[g]iv[e] almost total deference to the trial court's findings." *Montanez v. State*, No. 10-02-00274-CR, 2004 WL 1109822, at *2, 2004 Tex.App. LEXIS 4359, at *6 (Tex.App.-Waco May 12, 2004, pet. filed); *see Rayford v. State*, 125 S.W.3d 521, 528 (Tex.Crim.App.2003); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App.1997). In its opinion on petition for discretionary re-

view, the majority purports to give only "proper deference." (Op. at 346.) But in this context, "proper" means "almost total." *See Rayford* at 528; *Guzman* at 89. The majority fails to pay that deference.

In a motion to suppress evidence from a voluntary consent to search, "the Texas Constitution requires the State to show by clear and convincing evidence that the consent was valid." *Rayford*, 125 S.W.3d at 528; *see* Tex. Const. art. I, § 9; *State v. Ibarra*, 953 S.W.2d 242, 245 (Tex.Crim. App.1997). "By 'clear and convincing' is meant 'so clear as to leave no substantial doubt' and 'sufficiently strong to command the unhesitating assent of every reasonable mind.' " *Spencer v. State*, 466 S.W.2d 749, 752 (Tex.Crim.App.1971) (in-court identification testimony) (quoting *Martinez v. State*, 437 S.W.2d 842, 849 (Tex.Crim. App.1969)). The purpose of the "clear and convincing" standard in the context of motions to suppress the fruits of voluntary consent searches is to "lend 'concrete substance' to the mandate of art. I, § 9." *Ibarra* at 245.

A trial court's ruling on a motion to suppress evidence in criminal cases is "subject to the discretion of the court." Tex.Code Crim. Proc. Ann. art. 28.01(6) (Vernon 1989). On appeal, "[g]enerally, a trial court's ruling on a motion to suppress is reviewed under an abuse of discretion standard." *Dyar v. State*, 125 S.W.3d 460, 462 (Tex.Crim.App.2003); *accord Carmouche v. State*, 10 S.W.3d 323, 331 (Tex. Crim.App.2000). Only when the case presents the appellate court with "a question of law based on undisputed facts" does the court review the ruling de novo. *Dyar* at 462. Otherwise, a reviewing court must "give almost total deference to a trial court's determination of historical facts." *Rayford*, 125 S.W.3d at 528; *accord Guzman*, 955 S.W.2d at 89. An appellate court is "obligated to uphold the trial court's ruling on [an] appellant's motion to suppress if that ruling was supported by the record." *Armendariz v. State*, 123 S.W.3d 401, 404 (Tex.Crim.App.2003); *accord Carmouche* at 331. Where the trial court does not make express findings of fact, appellate courts "review the evidence in a light most favorable to the trial court's ruling and assume that the trial court made implicit findings of fact supported in the record." *Balentine v. State*, 71 S.W.3d 763, 768 (Tex.Crim.App.2002).

In particular, "[t]he validity of a consent to search is a question of fact to be determined from all the circumstances." *Rayford*, 125 S.W.3d at 528. "At a suppression hearing, the trial judge is the sole and exclusive trier of fact and judge of the credibility of the witnesses and their testimony." *Id.* The standard of review is "whether the trial court could have reasonably denied appellant's motion to suppress given the record evidence and given the applicable federal and state law." *Armendariz*, 123 S.W.3d at 404. "[A] search is valid if, in light of all the circumstances, the officers' belief that they had consent to search was objectively reasonable." *Moreno v. State*, 821 S.W.2d 344, 351 (Tex.App.-Waco 1991, pet. ref'd); *see United States v. Zamoran-Coronel*, 231 F.3d 466, 470 (8th Cir.2000).

"The suspect's lack of fluency in the language used to solicit consent suggests involuntariness, but it is seldom determinative." 40 George E. Dix & Robert O. Dawson, Texas Practice: Criminal Practice and Procedure § 12.33 n. 19 (Supp. 2003) (citing *Mendoza v. State*, 30 S.W.3d 528, 530–31 (Tex.App.-San Antonio 2000, no pet.)). Indeed, "the ability of a suspect to speak fluent English or the ability of a police officer to speak fluent Spanish is not a prerequisite to a valid consent to search." *Cancel v. State*, No. 01–02–00587–CR, 2003 WL 654755, *4, 2003 Tex.

App. LEXIS 1767, at \*12 (Tex.App.-Houston [1st Dist.] Feb. 27, 2003, no pet.) (not designated for publication); *accord Moreno*, 821 S.W.2d at 351; *Mendoza*, 30 S.W.3d at 529–31. Rather, a "defendant does not have to have a perfect command of the English language in order to give voluntary consent; it is enough that he understand English well enough to comprehend the situation." *United States v. Verduzco*, No. 92–1963, 996 F.2d 1220, 1993 WL 213749, \*3, 1993 U.S.App. LEXIS 14972, at \*8 (7th Cir. June 18, 1993).

Here, the record does not even show that the trial court ruled on Appellant's motion to suppress evidence, much less that the court made findings of fact. Assuming that the court denied the motion, when we review the evidence, as we must, in the light most favorable to the ruling, that evidence supports the ruling. The majority states that the arresting officer "said that Appellant 'did not speak very much English, so we did have something of a language barrier'" and "maintained ... that Appellant 'spoke very little' English." (Op. at 346.) This is false. The officer so testified concerning the passenger of the truck that Appellant was driving. (R.R. at 9, 31.) Of Appellant, to the contrary, the officer testified as follows. He requested of Appellant and received from him consent to search the truck that Appellant was driving. Appellant answered his questions, and he and Appellant "communicated quite well." He asked Appellant for consent more than once because he "wanted to make sure [Appellant] understood." The second time he asked for consent, Appellant "motioned back to the vehicle and said [he] c[ould] check it out." Appellant never attempted to withdraw his consent during the extensive search of the truck. On the basis of this evidence, the trial court could have reasonably concluded by clear and convincing evidence that the officer reasonably believed that Appellant consented to the search of the truck, and thus denied the motion to suppress.

Accordingly, I respectfully dissent.