IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-894-04






ANIBAL MONTANEZ A/K/A IVAN MONTILLA-PENA, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE TENTH COURT OF APPEALS


ANGELINA COUNTY





 Meyers, J., filed a dissenting opinion.


 Man, these suppression hearings can be tricky little devils. There are dozens of
reasons for these get-togethers and they usually entail different aspects of how evidence is
discovered and/or suppressed. See Texas Code of Criminal Procedure Articles 38.21-38.23. 

 First, these hearings don't even need to be a hearing. The trial judge can review all
of the motions and responses absent live testimony. And, again, as we all know, the rules
of evidence don't even apply. See Granados v. State, 85 S.W.3d 217, 227 (Tex. Crim.
App. 2002). The trial judge is under no obligation to make findings of fact and
conclusions of law, (1) and occasionally we have to search the entire record to determine if
they have even ruled on the motion. See Montanez v. State, 143 S.W.3d 344, 345 (Tex.
App.-Waco 2004). Next comes the fun part-APPELLATE REVIEW. Here is just a
short list of the factors that the courts of appeals have to consider:



 1. Abuse of discretion

 2. Historical facts

 3. Questions of demeanor

 4. Questions of credibility

 5. Burdens of proof

 6. Deferral

 7. De novo review

 8. Probable cause

 

9. Reasonable suspicion

10. Voluntariness

11. Preponderance of evidence

12. Clear and convincing evidence

13. Consent

14. State action

15. Inevitable discovery

16. Attenuation
 These hearings may involve a single aspect of this list or a whole fruit salad. We
seem to treat the hearing itself as informally as our bridge club and then expect the appeal
process to mirror the second Vatican Council. Because this Court could not live with the
standards of appellate review set forth in Carter and DuBose, eight years ago, we came
up with a ruling that was to be the end all for the appellate courts to follow in every type
of suppression review-The Great Gatsby Guzman. Guzman v. State, 955 S.W.2d 85
(Tex. Crim. App. 1997). Unfortunately, Guzman was tailored to fit suppression hearings
that dealt with probable cause. That's not our question here and Guzman is not like
Robitussin, you can't put it on every injury and expect a cure and that is exactly where I
think the majority is heading.

 The issue in this case is identical to the issue we unanimously ruled on in
Carmouche v. State, 10 S.W.3d 323 (Tex. Crim. App. 2000). The court of appeals did not
err by failing to apply a Guzman standard of review because there is no issue of
credibility and demeanor of the witnesses in this case. This is not a review of a cold
record, rather it is the court of appeals watching the exact same videotape that the trial
judge watched and then holding that the trial judge made an incorrect ruling. The trial
judge was not in a better position to review the evidence as he would be in a situation of
live testimony. (2) 

 In a situation such as the one before us, when the appellate court has the exact
same quality of evidence before it on review that the trial judge had before him in a
suppression hearing, it is not necessary to view the evidence in the light most favorable to
the trial court, and it is not necessary to give almost total deference to the decision of the
trial judge. Satisfying a burden of proof necessarily involves weighing evidence. For a
preponderance of the evidence, any evidence that tips the scales is sufficient. For
evidence to be clear and convincing, it must be "highly probable or reasonably certain." (3) 
And, as we all know, the highest burden is beyond a reasonable doubt. As we stated in
Carmouche, "the nature of the evidence presented in the videotape does not pivot 'on an
evaluation of credibility and demeanor.' Rather, the videotape presents indisputable
visual evidence contradicting essential portions of [the officer's] testimony. In these
narrow circumstances, we cannot blind ourselves to the videotape evidence simply
because [the officer's] testimony may, by itself, be read to support the. . .holding." 10
S.W.3d at 332. 

 The trial judge improperly chose to disregard the evidence on the videotape that
weighed against the State; evidence that made the State unable to show by clear and
convincing evidence that Appellant freely and voluntarily consented to the search. 
Disregarding such evidence is error. The court of appeals properly reviewed this
evidence and held that there was not clear and convincing evidence to support the State's
claim that Appellant freely and voluntarily gave consent to search the vehicle. 

 I would affirm the decision of the court of appeals. Therefore, I respectfully
dissent. 

 Meyers, J.


Filed: April 26, 2006

Publish 
1. See State v. Terrazas, 4 S.W.3d 720, 728 (Tex. Crim. App. 1999)
2. While Officer Bridges testified to his version of the stop, the videotape showed the real
story and offered indisputable evidence of whether Appellant freely and voluntarily consented to
the search. 
3. See Black's Law Dictionary 457 (Abridged 7th Edition 2000).