Dear Clerk Acosta,

*to my subsequent application 11.07*

I just got my response /denial back from Ft.Worth DA office. They said" Applicant's claims are best suited for a Motion for Reconsideration, and not as an application alleging his first application was not properly considered." *quoted on page six of their denial/response.*

So here I am filing the Motion to reconsider, they said to file. I am filing it with ya'll coz they lie, they are opposition and will not give me relief/action/justice.

Thank You,

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 02 2016

Abel Acosta, Clerk

Jason Truver 1061122
connally unit
899 fm 632
kenedy,TX 78119

Ps: I sent my trial Court Judge a motion to Reconsider the DA office lies back in Feb 2016 when they sent me their lies. Mollee Westfall Crt 371 Judge never responds to any motion I send her.

So ya'll please respond to the motion they said to file & see I need a hearing.

New trial must be ordered when there is error violating US Constitution 14th amendment due process Law. Like Brady V. Maryland says.

Texas Code of Criminal Procedure Art 11.07 §4 says habeus corpus must be granted when the only way the Prosecutor could get a conviction was by violating the US Constitution. Brady V. Maryland says it's due process 14th amendment Constitutional right violation when the Prosecutor witheld guns&shoes consent form to get Truver's motion to suppress denied.

So by Law (11.07) Truver Needs Hearing ORDERED)

EXPARTE

§

§ TRIAL Crt No: C-371-010503-0743445

JASON MATTHEW TRUVER

§ WRIT No: 84,352-01

## MOTION FOR RECONCIDERATION BECAUSE DA OFFICE LIED TO DENY GROUND ONE

I just got the DA offices response/denial to my subsequent writ to appeals their lies, and they said on page six of their response "Applicant's claim's are best suited for a Motion for Reconsideration..."

So I'm filing this motion to reconsider with this court, coz the DA office lies.They are corrupt and deny us who are indigent/prose filing. So please order a hearing like ya'll did for Brian Franklin in 2014 when FtWorth DA office denied to give him a hearing like their doining me.

Heres my 2½ page memorandum I just filed, carbon copy of it to prove Truver needs a hearing. Also see below:

*1st writ application under Prosecutor Misconduct*

1. Truver quoted Brady V. Maryland 83 S.Ct 1194 on his memorandum's page five, it says it's a "due process fourteenth amendment rights violation and grounds for reversal on habeas corpus when the prosecutor witheld evidence favorable to the defense."
A. The states responsepage four Tex. Code. Crim.Proc.Ann.art. 11.07,§4.
   (2)  By a preponderance of the evidence, but for a violation of the United States Constitution no juror could have found the applicant guilty beyond a reasonable doubt.
**If Rousseau/Prosecutor had not violated Truver right to due process, by witholding the guns/shoe consent to search form then Truver's motion to suppress would have been granted. He would not have been convicted.** Habeus Corpus must be granted like Brady say's.

2. **Montoya V. State 744 SW2d 15,25, 108 S.Ct 2887 (Tex.Crim. App. 1987) and Lopes 85 SW3d 844** say" When a person voluntarily consents to a search the scope of the search is limited by the express object of the search."
   Court of Criminal Appeals reversed drug cases Montoya and Lopes, and eight other cases sited by Truver. All similar to Truver's case.

3. **Montanez V. State 143 SW3d 344, reversed at 211 SW3d 412** was in Truver's memorandum and says" "In a single issue, he complains of the denial of his pre-trial motion to suppress, challenging the ruling on three levels: 1. the stop was not justified, 2. consent was not proven by clear and convincing evidence, and the scope of the search went beyond the consent given." Also " In a motion to suppress evidence from a voluntary consent to search, the Texas Constitution requires the state to show by clear and convincing evidence that the consent was valid."

   read this memorandum 2½ pages to see state officer's own testimony that prove the state didn't meet the Texas Cons't requirementthat Truver consented to a search for drugs.
**Habeas Corpus must be granted when there is a due process violation of Constitional Consent Law.** My motion to suppress must must be granted like the Court of Criminal Appeals did in Montoya, and the other nine similar drug cases sited in Truver's memorandum, Which all proves the DA office lied.

*Read Back of this page*

**PLEASE ORDER A HEARING**

Respectfully Submitted,

*Jason Truver* (signature)

Jason Matthew Truver 1061122
Connally unit
899 FM 632
Kenedy,TX 78119

← Read Backside of this page too.

*P.S: Exparte Drake 833 S.W. 2d 213, 215 (Tex,Crim, App. 1994) ya'll said in 1994 it's reversable error on Habeas Corpus when Constitutional Rights like 14th amendment due process right's are violated. Just like Brady Law say's. TRuver's trial lawyer filed pre-trial Brady Law Motion & Prosecutor violated,witholding guns/shoes consent form.*

# MEMORANDUM

All this was in Truver's first writ applications memorandum, it all proves Prosecutor Andrea Jacobs lied in all the states fact findings to deny Truver's ground one. Truver's ground one in his first writ was," The guns and shoes consent form was witheld, and a false non limited form used to deny Truver's motion to suppress."

1. **The DA office Lied** saying Truver presented ~~bo~~ no credible evidence that the guns/shoes consent to search form existed between 1999-2001. In Truver's first writ he typed word for word officers/states own witnesses testimony that are all credible evidence the limited guns/shoes consent form existed on 8-18-99 when Det.Brannan said Truver signed it. Heres their words again:

A. On motion to suppress trial record page 17, lines 11-13 Prosecutor Rousseau says to Brannan "Upto the date we're talking about that your actually— I guess this would be August 18,1999 when you're talking to Truver..." then they go down to page 18 with Brannan saying he had foot prints in the mud at the murder scene, Then page 18 lines 15-28 Brannan says, "well, I asked him if he would be willing to sign a consent to search form, that I would—wanted to go out and collect whatever guns he had and search and see if he had any others and collect whatever tennis shoes that he might have out there to use to compare with evidence that we collected." Then Rousseau asked him," And did he sign a statement indicating that he did in fact consent to that search?" Brannan said,"Yes sir."
Det.Brannan is credible evidence Truver in FACT signed consent for a search for guns/shoes evidence to compare to foot prints at the scene. Rousseau said this was on 8-18-99.

B. Motion to suppress to suppress page 77 lines 12-23,Lisa Mullen is questioning crime scene search officer Walles. She asks, "So you weren't—let me ask you this. If you were going out there to do a consent to search that would cover drugs, is it safe to say that you would have done a heck of alot more than what you did that day?" Walles answered, Yes ma'am." then line 21 she asked him,"Basically you went on a search for specific items?" Walles, "yes,ma'm" Officer Walles agreed he did not do a consent to search that covered drugs. He agrees it was for the specific items Truver gave consent for. Walles is credible evidence he was using Truver's guns/shoes limit during the search on 8-18-99 the day Brannan said Truver signed it.

C. Motion to suppress page 32 lines 21-25, Sgt. Loftis is asked by Lisa Mullen," After you finished the search—which didn't take very long because it was not a complete search that one would typically do. Would you agree with me on that?" Loftis said,"Yes" Page 33 lines 1-2 Lisa asks,"It was just a search for specific items? Loftis, "Yes."
Sgt. Loftis is credible evidence he was using Truver's limit of specific items guns/shoes on 8-18-99 during the search.
All three state witnesses are credible evidence Truver signed consent limiting the scope of the search to guns and shoes to prove he did not kill Marty. Truver's 1995 attorney Lois Elly Livens told him to always limit a consent to search to specific items. So he did here in 1999

2. **The ADA Jacobs Lied** saying Truver presented no authorities that state drugs could not be seized during a search for guns and shoes. In Truver's first writ's memorandum's pages 2,3,4. he sited all four of the below similar drug cases which were all reversed by the Court of Criminal Appeals due to the fact the scope of the searches exceeded the consent given, all of them their old motion to suppress were granted on habeas corpus:
--Lopes 85 S.W.3d 844 "when a person voluntarily consents to a search, the scope of the search is limited by the express object of the search." Lopes followed Montoya 744 S.W.2d 15,25, (Tex.Crim.App. 1987) Both Lopes and Montoya were reversed on habeas corpus by the Court of Criminal Appeals coz the searches exceeded the express object of the search during a consent to search. Det. Brannan said the express object of the search was for guns/tennis shoes to compare to evidence collected at the murder scene. Anything seized other than murder case evidence like drugs, Truver by law of consent could not be charged with.
--May 582 SW2d 848 ," When the basis for a search or seizure is consent, the government must conform to the limitations placed on the right granted to search, seize, or retain the papers or effects." May consented to a search for stolen tools, and drugs were seized.( Reversed, motion to suppress granted Tex. Crim. App. 1978)
b-Mantzke 93 S.W.3d 536, " When a person voluntarily consents to a search, the officers authority to perform the search is not without limit." (Reversed, motion to suppress granted)

1

Mantzke folloed Dubose 915 S.W.2d 493, and was followed by Ramos 124 S.W.3d 326, James 72 S.W. 2d, and Autran 830 S.W.2d 8077, reversed at 877 S.W.2d 31. All these drug cases were reversed coz the searches exceeded the aothority of the officerswho conducted the search. All of them consent was given for specific items, not drugs.

Truver according to Brannan's own words/testimony gave consent to search for guns and shoes to compare to evidence in the murder case. According to Mantzke, Search Officer Walles' authority was limited to this guns/shoes search. Walles agreed the search he did, didn't cover drugs.

—Mantanez 143 S.W.38 344,B... the scope of the search went beyond the consent given." Also, " In a motion to suppress evidence from a voluntary consent consentch, the Texas Constitution requires the State to show by clear and convincing evidence that the consent was validand voluntary."

—Rayford 125 SW2d 528 Also says this above, both of these drug cases were reversed coz the Court of Criminal Appeals determined the prosecutor failed to meet the TX Cons't requirement that consent was given voluntarily for drugs.

The State/Prosecutor failed to meet the Texas Cons't requirement to prove by clear and convincing evidence that Truver voluntarily consented to a search for drugs. Brannan said Truver consented to a search for guns/tennis shoes. And he agreed with Rousseau that Truver in FACT signed for this consent.

There are ten drug cases sited here,all similar to Truver's case. all were reversed by the Crt. of Crim. Appls. and Crt. of Appls. All were reversed and motion to suppress granted due to the fact the searches exceeded the scope of the search, and consent given. None of them met the Tex. Constitutional requirement during the motion to suppress hearing. All had Due Process violations Truver's case must follow all these ten cases similar to his. Truver's habeas corpus must be granted.

3. Brady V. Maryland 83 S.Ct. 1194 was on page 5 of Truver's first writ's memorandum,and says, "Prosecutor suppressed evidence, evidence was favorable to defense" Also says this is serious enough error to grant habeas corpus.

Brown V.Borg 951 F.2d 1011 (9thCir.1991) was on same page as brady above, it days," Prosecutors failure to notify defense counsel of material exculpatory evidence and arguing false evidence to the jury was miscunduct serious enough to warrant the granting of writ of habeas corpus." Prosecutor Rousseau suppressed/witheld evidence of guns/shoes consent form that Brannan said Truver signed on 8-18-99. And he argued to Judge James Wilson false evidence of non limited consent form to get Truver's motion to suprress denied. This error is serious enough to warrant granting of Truver's habeas corpus.

In the States memorandum for Truver's ground one they sited Exparte Chabot (Tex.Crim. App.2009) says," Prosecutor entering false evidence was serious enough error to warrant granting of habeas corpus."

Brannan said Truver signed consent to search for guns/shoes on 8-18-99. Prosecutor Rousseau witheld this consent form,BBannan said truver signed.Truver's habeas corpus must be granted like Chabot,Brown, and Brady. Lisa Mullen filed a brady law motion at start of pretrial hearing and Rousseau violated Brady Law. Brady Law is Due Process Violation & ground for granting Habeas Corpus.

4. Exparte Young,479 SW2d 45,46(Tex.Crim.Appll972)"An applicant's delay in seeking habeas corpus relief may prejudice the credibility of the claim." This says may, not does prejudice. Truver's delay in seeking habeas corpus was not his fault. He was due diligent. In his first writ memorandum he said he did not gbtain his case file from his other cases old court appointed lawyer Leon Haley until 2012. Truver wrote trial judges James Wilson a couple times, no response. He wrote Judge Mollee Westfall asking for his case file and record,no response. He wrote Kyle Whitaker, and Lisa Mullen several times and no response. All these people were diliberate indifferrent knowing Truver needed his case filem and did not send it. They are why truver took so long to file. Then he wrote his other cases lawyer Leon Haley and haley sent Truver's trial record, Ricketts' trial record, and truver's,Ricketts', and Hocutt's case files. In these papers was Truver's limited guns/shoes consent to search form that Prosecutor Rousseau witheld at trial. then truver spent three yrs. trying to find someone to contact Jackie to get her affidavit, finally he gave up and filed habeas corpus in June 2015.

Brannan,Walles, and Loftis' testimony all prove Truver's Credibility to his claim, and that habeas corpus must be granted.

2

## CONCLUSION OF FACTS

All the facts set forth in truver's first writ's memorandum are all repeated here. This all proves beyond a preponderance of evidence that if Prosecutor Rousseau had not witheld the guns/ and shoes consent to search form that Brannan said truver signed on August 18,1999, then Truver's motion to suppress would have been granted. Truver would have never been convicted if Rousseau had not witheld the guns/shoes consent form, during the motion to suppress hearing.

Brannan, Walles, and Sgt. Loftis testified and all prove truver signed consent for guns/shoes on 8-18-99. Walles agreed with Lisa Mullen he did not ~~do a search that covered drugs~~ *do a search that covered drugs.* Him and Loftis both agreed the search was for specific items. Both of them prove they were using Truver's consent to guns/shoes. All these officers are credible evidence the guns and shoes consent form existed on 8-18-99. All this proves Prosecutor Andrea Jacobs lied to deny Truver's first writ's ground one.

Authorites May,Mantzke,Lopes,Montanez, Brady, and Brown, *and charges* were all in truver's first writ's memorandum and prove drugs could not be seized ~~and charges~~ filed on, during a search for guns and shoes. The consent to search law is clear in these cases, drugs cannot be seized during a voluntary search for specfic items. The law is clear a consent to search cannot exceed the express object of the search. The express object truver consented to was evidence to prove he did not kill Marty. Brady and Brown prove habeas corpus must be granted. Prosecutor Rousseau's error was serious enough to warrant granting of habeas corpus.(Chabot V. State Tex.Crim. App. 2009) All this proves prosecutor Jacobs lied to deny Truver's first writs ground one.

The State/Prosecutor Rousseau failed to meet the Texas Constitutional requirement during the motion to suppress, that he show by clear and convincing evidence that truver voluntarily consented to a search for drugs. Detective brannan said Truver signed consent for guns/shoes on 8-18-99, to compare them to evidence he collected at the murder scene. *Habeas Corpus must be granted when there is 14th amendment due process violation of consent to search Law.* Ground one through six must be granted.

Truver asks that instead of setting aside his conviction like the Tex. Crim Appls.Court did in May,Lopes,Montanez, Mantzke, and Montoya 744 SW2d 15,25 (Tex.Crim App.1987) and granting their motion to suppress, just resentence Truver to ten, fifteen, or twenty years. Back in 2014 at Brian Frankilin's habeas hearing, Prosecutor Strickland asked Judge Salvant to resentence Franklin, instead of setting aside his conviction. 90 days later Salvant held a resentencing hearing. Also recently in 2016 Fort Worth DA office resentenced John W. Roland from capital life sentence to 25yrs agg. Roland killed the man who raped his kid sister. Tell Judge Mollee Westfall to resentence Truver to anywhere between 10-20yrs to continue to run cc with his 25yr agg party to murder sentence. Keep the conviction, just resentence truver like ya'll did for Brian Frankiln, ~~and John Roland.~~

3